P. J. POSTLE, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED APRIL 3, 1915. No. 18555.

1. **Railroads: PRIVATE CROSSING: DUTY TO CONSTRUCT OVERHEAD CROSSING.** Where 27 years have intervened between the date of an agreement made by the owner of land with a railroad company concerning the construction of a private farm crossing, and the railroad company, in compliance with the agreement, has constructed and maintained an adequate grade crossing, there is no obligation upon it to build an overhead crossing merely for the convenience of the landowner, unless changed physical conditions require such overhead crossing.

2. ——: ——: ——. Where, under such circumstances, it is shown that the railroad company is willing to construct the overhead crossing if the complainant will pay the cost of construction and maintenance, there is no sufficient ground of complaint against the railroad company.

3. ——: ——: ——: SUFFICIENCY OF EVIDENCE. The evidence examined, and *held* insufficient to sustain the complaint of the landowner against the railroad company.

APPEAL from the State Railway Commission. *Reversed and dismissed.*

*Byron Clark, Jesse L. Root* and *J. W. Weingarten,* for appellant.

*Grant G. Martin, Attorney General,* and *W. T. Thompson, contra.*

HAMER, J.

Appeal from an order of the state railway commission in response to a complaint of one P. J. Postle to compel the relocation of a private farm crossing and substitute an overhead for a grade crossing. It was alleged in the complaint that Postle is a live stock dealer and farmer; that he is the owner of 160 acres of land described in the complaint, and across the corner of his land the railroad company has constructed and now operates a railway; that the present farm crossing over the railway is situated at the east end of a deep cut where it is impossible to properly observe the approach of trains; that its use is dangerous to man and beast, and, although he has requested the railway company to establish an overhead railway crossing, it refuses to do so. The railroad company, among other things, denied the allegations of the complaint, and alleged that the complainant purchased his farm long subsequent to the construction of its railway; that at the time its line was built the railroad company constructed a grade crossing over its railway for the use of the then owner of the land at a place and in a manner satisfactory to him. Therefore the complainant is estopped to contend for another or different crossing. It was further alleged in the answer that, notwithstanding the foregoing facts, the railroad company is willing to construct another grade crossing for complainant at a point easterly and more distant from the cut; that the construction of an overhead crossing will require the expenditure of a large sum of money, and will give the complainant a benefit and advantage not enjoyed by landowners generally in the state of Nebraska along the defendant's railway; will discriminate in his favor, and will amount to the taking of the railroad company's property without compensation, without due process of law, and in violation of section 3, art. I, of the Constitution of the state of Nebraska, and in violation of section 1 of the fourteenth amendment to the Constitution of the United States. The commission investigated the questions presented by the pleadings and made an order requiring the

railway company to construct and maintain an overhead crossing as prayed for by the complainant.

Appellant contends that the commission erred in assuming jurisdiction of the complaint, for the reason that its determination involved the adjudication of private rights, and therefore is an exercise of judicial power, with which the commission is not vested. There is some force in this contention, but we do not find it necessary to determine that question.

It is further contended, among other things, that the facts, as shown by the evidence, do not authorize the commission to require the railroad company to construct and maintain an overhead crossing for the exclusive accommodation of the complainant. Section 6042, Rev. St. 1913, provides: "When any person owns land on both sides of any railroad, the corporation owning such railroad shall, when required so to do, make and keep in good repair one causeway or other adequate means of crossing the same." In *Omaha & R. V. R. Co.* v. *Severin*, 30 Neb. 318, the court stated what an adequate crossing is, as contemplated by the statute. It appears that a crossing, as thus defined, had been constructed by the railroad company under an agreement entered into with the owner of the farm, when it obtained its right of way, and, so far as the record shows, that crossing has been maintained by the company and has been used by the complainant and his grantors for about 27 years without injury to any person. It also appears that the company obtained its right of way by condemnation proceedings in which it paid the owner of the land at that early date the sum of $1,900. This, of course, included the value of the land taken and the incidental damages to the rest of the farm, such as inconvenient use, and all other elements of damages. At that time the owner agreed with the railroad company on the location and construction of a private farm crossing. This crossing was constructed, and since that time there has been no substantial change of physical conditions. The present owner, being dissatisfied with the crossing, now insists that the railroad company construct for him an overhead crossing

Postle v. Chicago B. & Q. R. Co.

at a cost of $1,000 and with a maintenance charge of at least $1,500. The present crossing does not in any way, affect the public interest, but the crossing asked for simply suits the owner's private convenience. As we view the record, the order made by the commission was unjust, unreasonable, and oppressive, and may amount to taking the property of the railroad company without due process of law, and in violation of the Constitution of this state and of the United States. Again, to require the company to construct such a crossing as the commission has ordered in this case would discriminate unjustly in favor of the complainant and against all other persons similarly situated.

Finally, the evidence is not sufficient, as we believe, to sustain the order of the Commission. The railroad company contracted for this crossing and agreed with the former owner with respect to its location. It offers to construct a grade crossing easterly from the present location, to grade a wagon road for the plaintiff's benefit parallel to its railway, and to grade the approaches for that crossing without cost to the complainant. Nevertheless he insists that the railroad company should construct and maintain an overhead crossing for his private benefit. It would seem that the construction of such a grade crossing as we have described is sufficient, and that the evidence fails to show that the complainant is entitled to the overhead crossing which he demands.

The order of the commission is reversed and the proceeding dismissed.

REVERSED AND DISMISSED.

ROSE, J., not sitting.